NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON WEST,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALLIED UNIVERSAL,<br><br>　　　　　Defendant. | Civil Action No. 23-00335 (GC) (DEA)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Aaron West[1] ("Plaintiff") together with Plaintiff's Complaint against Defendant Allied Universal. (ECF Nos. 1, 5, 10.) For the reasons stated below, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will be given thirty (30) days within which to file an amended complaint with a renewed application to proceed *in forma pauperis*.

**I.　BACKGROUND**

The following facts are taken from the Complaint and accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff filed his Complaint on or about January 20, 2023, using a form that asked him to

---

[1]　Plaintiff appears to have initiated several actions in this district against various defendants over a short period of time, including *West v. Amazon*, Civ. No. 00336 (GC) (DEA); *West v. EEOC, et al.*, Civ. No. 23-00476 (MAS) (DEA); *West v. EEOC*, Civ. No. 23-01004 (ZNQ) (JBD); *West v. Department of Treasury Internal Revenue Service*, Civ. No. 23-01005 (ZNQ) (RLS); *West v. Capital Police*, Civ. No. 23-01006 (GC) (DEA); *West v. Smith*, Civ. No. 23-01053 (MAS) (TJB); *West v. USPS*, Civ No. 23-02830 (GC) (DEA).

provide information as to the nature of his claims. (ECF No. 1 at 1-5.[2]) The Complaint is unsigned and very sparse. It does not provide a basis for federal court jurisdiction other than merely stating "eeoc." (*Id.* at 2.) It also does not describe any events giving rise to any claims, the date and approximate time of any such events, nor the basic facts that underpin Plaintiff's claims. (*Id.* at 3-4.) Plaintiff simply writes that he "want[s] [his] job back and [he] want[s] [his] mo[ne]y." (*Id.* at 4.)

Attached to the Complaint is a "Charge of Discrimination" that appears to have been filed with the New Jersey Division on Civil Rights on or about October 27, 2022. (ECF No. 1-1 at 1-3.) In the charge, Plaintiff writes that he worked as a security guard at Allied University[3] until October 31, 2022, and that he believes he was discriminated against for his "disability and . . . speech" after he "filed a NJ Wage and Hour complaint" and that his rights were violated under the Americans with Disabilities Act. (*Id.* at 2.)

Plaintiff also filed several applications to proceed *in forma pauperis*. (ECF Nos. 1, 5, 10.) The first application, filed along with his Complaint, has many blank sections and is unsigned. (ECF No. 1 at 6-10.) The second, dated March 1, 2023, is e-signed and states that Plaintiff has "no income and no job," receives no public benefits, and has no assets, and yet on the section of the form where Plaintiff is asked to estimate his "average monthly expenses" for "insurance," Plaintiff writes that he pays $1,200.00 per month on "Rent." (ECF No. 5 at 1-5.) The third, dated June 6, 2023, states that Plaintiff earns $1,600.00 per month from employment at R&M in Beachwood, New Jersey; has $250.00 in a checking account at Chase Bank; owns a 2018 Malibu

---

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] The charge lists "Allied University" as the Respondent, and the Complaint in this case names "Allied Universal" as Defendant. The Court is unsure if these are the same entity.

vehicle; and has average total monthly expenses of $1,937.00.[4]  (*See* ECF No. 10 at 1-5.)

## II.     LEGAL STANDARD

### A. *In Forma Pauperis*

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dept of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

---

[4]     Plaintiff does not explain how he covers the portion of monthly expenses that allegedly exceeds his monthly income.

### B. Failure to State a Claim

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Rule 8's Pleading Requirements

Federal Rule of Civil Procedure 8 sets forth general rules of pleading, and requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

[Fed. R. Civ. P. 8(a).]

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The Court is troubled by the contradictory representations in the several *in forma pauperis* applications submitted by Plaintiff that are all sworn under "penalty of perjury." For example, in

4

his application submitted on March 1, 2023, Plaintiff represented that he has not been employed in the past two years and has no income. (ECF No. 5 at 2.) However, in his application on June 6, 2023, Plaintiff represents that he was employed by USPS from October through December 2022 and is currently employed by R&M. (ECF No. 10 at 2.) There are many other significant differences between what Plaintiff has submitted, including as to his ownership of a vehicle, expenses, and savings, that lead the Court to question Plaintiff's candidness. *See Rockefeller v. New Jersey*, Civ. No. 07-1878, 2007 WL 2363744, at *1 (D.N.J. Aug. 16, 2007) ("The Court will deny the Application. The plaintiff fails to show entitlement to in-forma-pauperis relief, as his statements here and in the Separate Action are self-contradictory."); *Regan v. I.R.S.*, Civ. No. 93-4793, 1993 WL 388286, at *1 (E.D. Pa. Sept. 22, 1993) ("[T]here are contradictions in plaintiff's motion to proceed in forma pauperis and his complaint which lead me to conclude that plaintiff is not being candid with regard to his allegation of poverty."). In any event, because the Court dismisses the Complaint without prejudice for the reasons stated below, it will not now decide Plaintiff's application to proceed *in forma pauperis*. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *Karupaiyan v. Woodbridge Twp. of NJ*, Civ. No. 21-19737, 2022 WL 18859991, at *1 (D.N.J. Aug. 19, 2022), *aff'd sub nom. Karupaiyan v. Twp. of Woodbridge*, 2023 WL 2182375 (3d Cir. Feb. 23, 2023) ("[T]he Court dismissed Plaintiff's Complaint but permitted him to replead his claims . . . .

Accordingly, the Court made no determination as to whether Plaintiff's monthly income rendered him eligible for proceeding IFP.").

**B. Review of Complaint**

Plaintiff's Complaint is deficient under Rule 8 and does not presently state a claim under Rule 12(b)(6). As a primary factor, no basis for federal jurisdiction is provided. Additionally, no factual detail is given in the Complaint itself as to what injury Plaintiff suffered and how Allied Universal was involved, if at all. Such a spartan pleading prevents the Court, as well as Defendant, from determining whether what is alleged is more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" (citation omitted)). Without more, the Court cannot conclude that the Complaint as presently formulated rises above mere frivolity or maliciousness, or adequately states a claim upon which relief can be granted.

Although the Court notes that Plaintiff submitted an exhibit with his Complaint that appears to be a charge filed against "Allied University" with the New Jersey Division on Civil Rights, and may potentially form the basis of a plausible claim, it is unclear to the Court what, if anything, happened with the charge and if the allegations in the charge are the same as those Plaintiff may seek to assert in this cause of action. (*See* ECF No. 1-1 at 1-3.) The charge is also just three sentences, and a pleading should provide factual detail sufficient for the Court to evaluate if Plaintiff is entitled to relief.

For these reasons, the Court will *sua sponte* dismiss Plaintiff's Complaint without prejudice. As Plaintiff is proceeding *pro se*, and as a more comprehensive statement may reveal

legitimate grounds for relief, Plaintiff will have thirty (30) days to file an amended complaint in conformity with pleading requirements and to renew any *in forma pauperis* application.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice. An appropriate Order follows.

Dated: June 20, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE